IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-99-GF-BMM-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| BRANDON LEE BRAUHN, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Brauhn of violating his conditions of supervised release by (1) consuming alcohol and (2) testing positive for methamphetamine. He admitted to the violations. Mr. Brauhn's supervised release should be revoked. He should be sentenced to thirteen months of custody, with no supervised release to follow.

## II. Status

Mr. Brauhn pleaded guilty to Burglary in February 2013. (Doc. 29) Chief District Judge for the District of Montana Dana Christensen sentenced him to twenty-four months in custody with thirty-six months of supervised release to follow. (Doc. 36) He began his current term of supervised release on October 17, 2014.

The United States Probation Office filed a Report on Offender Under Supervision on November 23, 2015, addressing Mr. Brauhn's use of methamphetamine and alcohol and his failure to turn in monthly reports. (Doc. 40)

The Probation Office filed a Petition for Warrant for Offender Under Supervision on April 26, 2016, because Mr, Brauhn failed to attended chemical dependency treatment and used methamphetamine and alcohol on several occasions. (Doc. 41) The government moved to dismiss the petition. Mr Brauhn then immediately entered inpatient treatment at Crystal Creek Lodge in Browning, Montana. (Doc. 48)

The Probation Office filed a second Report on Offender Under Supervision on July 26, 2016, addressing Mr. Brauhn's methamphetamine use. (Doc. 49) He was allowed to continue his supervised release and entered the Connections Corrections Program. He completed the program on October 10, 2016. (Doc. 50)

**Petition**

The Probation Office filed a petition asking the Court to revoke Mr. Brauhn's supervised release on December 5, 2016. (*Id.*) The Probation Office accused him of violating his conditions of supervised release by (1) consuming alcohol and (2) testing positive for methamphetamine. (*Id.*) United States District Judge Brian Morris issued a warrant for his arrest on the same day. (Doc. 51)

**Initial appearance**

Mr. Brauhn appeared before the undersigned on December 14, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Brauhn said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Brauhn admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Brauhn's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes recommended a sentence above the guideline range with no supervised release to follow. Mr. Weldon recommended a sentence of thirteen months in custody with no supervised release to follow. Mr. Brauhn addressed the Court and stated that he grew up in Browning, Montana, and that the temptation to

use drugs is always there. He said he plans to live in Washington upon his release.

### III.  Analysis

Mr. Brauhn's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to thirteen months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Brauhn was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

> The Court **FINDS:**
>
>> Brandon Lee Brauhn violated his conditions of supervised release by (1) consuming alcohol and (2) testing positive for methamphetamine.
>
> The Court **RECOMMENDS:**
>
>> The district court should enter the attached Judgment, revoking Mr. Brauhn's supervised release and committing him to the custody of the United States Bureau of Prisons for thirteen months, with no supervised release to follow.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of December 2016.

John Johnston
United States Magistrate Judge